**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Joseph OWENS, Defendant–Appellant.**

**No. 99–55909.**
**D.C. No. CV–99–03935–AWT**
**CR–83–00630–AWT.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2001.

Decided March 1, 2001.

Before LEAVY, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM *

In this appeal, we conclude that the district court lacked jurisdiction to entertain Owens's successive § 2255 petition. Therefore, we must vacate the district court's order denying the petition. *See* 28 U.S.C. §§ 2255, 2244(b)(3) (West 2001). The parties are familiar with the facts of the case, and we recount them here only as necessary to explain our decision.

Section 2255 provides in part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new, retroactive rule of constitutional law. 28 U.S.C. § 2255. In turn, § 2244(b)(3)(A) states: "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In 1991, Owens filed a § 2255 petition in the district court for the Central District of California, alleging, *inter alia,* that his federal sentences were unlawfully imposed because they relied in part on his 1968 Baltimore convictions. The district court denied Owens's motion because he had failed to raise the issue at trial or on direct appeal. The Ninth Circuit denied Owens's motion to proceed with his appeal *in forma pauperis.*

Consequently, Owens's 1999 petition, raising essentially the same claim, is a "second or successive petition" within the meaning of §§ 2255 and 2244(b)(3)(A). Because Owens's instant petition is second or successive, he was required to receive a certificate of authorization from the Ninth Circuit before going to the district court. 28 U.S.C. §§ 2255, 2244(b)(3)(A). Owens admits that he has not received such authorization from the Ninth Circuit. Without a certificate of authorization, the district court lacked jurisdiction to consider Owens's petition. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A); *Allen,* 157 F.3d at 664. Because the district court lacked jurisdiction, we must vacate the district court's order denying Owens's petition. *See Allen,* 157 F.3d at 664.

We decline Owens's invitation to issue a certificate of authorization in this appeal. In the future, Owens should seek a certificate of authorization in the normal manner provided by statute by showing either newly discovered evidence or a new, retroactive rule of constitutional law. *See* 28 U.S.C. § 2255.

VACATED AND REMANDED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.